UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:19-CV-10668

)
THE H.L. TURNER GROUP, INC., )
    Plaintiff )
v. )
)
CITY OF METHUEN, )
    Defendant )
)

# ANSWER OF THE DEFENDANT, CITY OF METHUEN

NOW COMES, the Defendant, City of Methuen, in the above-entitled matter, and in answer to plaintiff's complaint, responds as follows:

## INTRODUCTION

The introduction is a recitation of the facts as alleged by the Plaintiff and as such requires no response. If there are facts alleged against the Defendant, those facts are denied.

## PARTIES

1. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averment set forth in Paragraph 1 of the Complaint and therefore, this paragraph is denied.

2. Admitted, and further answering the Defendant City of Methuen states that it is a municipal corporation established under the laws of the Commonwealth of Massachusetts having a usual place of business at 41 Pleasant Street, Methuen, MA 01844.

## JURISDICTION AND VENUE

3. Admitted that this Court has jurisdiction to hear all counts and claims of the Complaint, but denied as to the extent that these allegations imply any wrongdoing on the part of the Defendant.

4. Admitted that this Court is the proper venue, but denied as to the extent that these allegations imply any wrongdoing on the part of the Defendant.

## FACTUAL BACKGROUND

**A. The City initially hired HL Turner to evaluate potential repairs at City Hall through the City's OPM, Trident.**

5. Denied.

6. Denied.

7. Denied.

8. Denied.

**B. The City then Hired HL Turner Directly to Perform Architectural and Engineering Services.**

9. Denied.

10. Denied.

11.

**C.      HL Turner's Performance of the Work**

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**D.      The City refused to pay for HL Turner's work that it requested.**

19. Denied.

20. Denied.

21. Denied.

**E.      The City breached its Settlement Agreement with HL Turner.**

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT I
## BREACH OF CONTRACT
### (Professional Design services Agreement)

38. The Defendant repeats and re-avers the answers to paragraphs 1 through 37 of this Complaint and incorporates them herein by reference.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT II
## FRAUDULENT INDUCEMENT
### (Professional Design services Agreement)

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Professional Design services Agreement)

51. The Defendant repeats and re-avers the answers to paragraphs 1 through 50 of this Complaint and incorporates them herein by reference.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT IV
## PROMISSORY ESTOPPEL
### (Professional Design Services Agreement)

57. The Defendant repeats and re-avers the answers to paragraphs 1 through 50 of this Complaint and incorporates them herein by reference.

58. Paragraph 58 states a legal conclusion and therefore requires no response. To the extent that said Paragraph 58 of the Complaint alleges wrongdoing on the part of the Defendant, the Defendant denies same.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT V
## UNJUST ENRICHMENT
### (Professional Design Services Agreement)

67. The Defendant repeats and re-avers the answers to paragraphs 1 through 66 of this Complaint and incorporates them herein by reference.

68. Denied.

69. Denied.

70. Denied.

## COUNT VII(sic)
## NEGLIGENT MISREPRESENTATION
## (Professional Design Services Agreement)

71. The Defendant repeats and re-avers the answers to paragraphs 1 through 70 of this Complaint and incorporates them herein by reference.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## COUNT VI(sic)
## BREACH OF CONTRACT
## (Settlement Agreement)

76. The Defendant repeats and re-avers the answers to paragraphs 1 through 76 of this Complaint and incorporates them herein by reference.

77. Admitted.

78. Admitted.

79. Admitted

80. Denied.

81. Denied.

82. Denied.

WHEREFORE, the Defendant moves this Honorable Court to dismiss the Plaintiff's Complaint and to award the Plaintiff no relief and award the Defendant recoverable costs, expenses and attorney's fees.

In further answering the Defendant asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred for failure to exhaust administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

The actions of the Defendant, at all times, were justified, necessary, and carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

**FIFTH AFFIRMATIVE DEFENSE**

At all times, the Defendant acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

**SIXTH AFFIRMATIVE DEFENSE**

The actions of the Defendant, at all times, were reasonable and undertaken with a good faith and belief that their actions were lawful and not in violation of the any federal or state constitutional or statutory right.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant's actions were lawful and payment to the Plaintiff was precluded by established case law. See Baltazar Contracting v. Town of Lunenburg, 65 Mass. Ap. Ct. 718 (Mass. Ap. Ct. 2006).

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claimed damages, if any, were caused in whole or in part, by the Plaintiff's violation of the various statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said damages were sustained

The Plaintiff, by its conduct or by the conduct of its agents or servants, has waived any and all rights that they may have had against the Defendant.

## JURY DEMAND

The Defendant demands a trial by jury on all claims and issues so triable.

DEFENDANT,
CITY OF METHUEN
By its attorney

*/s/ Richard J. D'Agostino*
Richard J. D'Agostino, BBO# 633984
Office of the City Solicitor
41 Pleasant Street, Room 311
(978)-983-8575
(978)-983-8981
rjdagostino@ci.methuen.ma.us

**DATED:** June 6, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 6, 2019.

                                                   /s/Richard J. D'Agostino, Esq.