UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE H.L. TURNER GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 19-10668-LTS |
| CITY OF METHUEN, | ) | |
| Defendant. | ) | |

ORDER ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 14)

January 16, 2020

SOROKIN, J.

Now before the Court is Plaintiff The H.L. Turner Group, Inc.'s ("H.L. Turner") Motion for Summary Judgment on Count VI of the Complaint, which alleges that Defendant City of Methuen ("the City") breached a settlement agreement entered into by the parties. Doc. No. 1 ¶¶ 76–81. That settlement agreement was meant to resolve an underlying dispute over the legality and enforceability of a municipal contract between the two parties. Doc. No. 14-1 at 2. The sole question before the Court on this motion is whether a settlement agreement is enforceable when the underlying dispute involves a municipal contract that allegedly failed to comply with various Massachusetts General Laws that govern procurement procedures. Doc. No. 18 at 1-2.

There is no dispute that "the parties agreed upon the material terms of a settlement agreement, which were that the City would pay H.L. Turner the sum of $118,000, and the parties would sign a mutual general release." Doc. No. 13 ¶ 36. Similarly, the parties do not dispute that the City's attorneys conveyed to H.L. Turner that "while the Mayor [did] not dispute that an agreement was reached, the Mayor would not sign the written, formal agreement out of concern .

. . that it could constitute an 'illegal' agreement as it sprung from what the City deemed a flawed procurement." Id. ¶¶ 37, 39.

There can be no doubt that a settlement agreement, though not memorialized in written form, is binding and enforceable when the parties agree upon material terms.  See Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 15 (1st Cir. 2001) ("Here, the material terms [of the settlement] were agreed upon, and [the City] cannot escape the consequences of [its] agreement because [its agent] spoke but did not write.").  Moreover, Massachusetts courts have clearly held that settlement agreements resolving underlying disputes over the legality of contracts are enforceable.  See Pandiscio v. Atkinson, 766 N.E.2d 87, 91 (Mass. App. Ct. 2002) ("Even if the parties had seen their dispute from the beginning as involving the issue of the legality of [the contract], they would be entitled to reach an agreement and put such a dispute to rest.").  This is even true when, as here, a municipality claims the underlying contract is void, at least when, as also is true here, there are good faith arguments to enforce the underlying contract.  See, e.g., City of Westfield v. Harris & Assocs. Painting, Inc., 567 F. Supp. 2d 252, 260 (D. Mass. 2008) (holding that failure to comply with a Massachusetts state procurement statute did not void a municipal contract and distinguishing the legal authority initially cited by the City of Methuen in the present dispute).

Given that "[s]ettlement agreements enjoy great favor with the courts as a preferred alternative to costly, time-consuming litigation," Fid. & Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008) (internal quotation marks omitted), and in light of the fact that the City marshals no authority to support its argument that a municipality may repudiate a settlement agreement solely because of the alleged invalidity of the parties' underlying contract, Doc. No.

19 at 2, H.L. Turner's Motion for Partial Summary Judgment on Count VI of the Complaint is ALLOWED.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                                Leo T. Sorokin
                                                United States District Judge